IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY TARKINGTON,                                                                                    PLAINTIFF
ADC # 85550

v.                                           5:14CV00322-JM-JJV

SONYA PEPPERS DAVIS, Doctor, C.C.S.,
Tucker Max Prison Infirmary; *et al.*                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Johnny Tarkington ("Plaintiff") is an inmate of the Maximum Security Unit of the Arkansas Department of Correction. He filed this action pursuant to 42 U.S.C. § 1983, claiming Defendant Sonya Peppers-Davis[1] violated his rights by failing to provide him with proper footwear. (Doc. No. 2 at 5.) Specifically, Plaintiff argues that he should have been provided high-top tennis shoes, rather than the "diabetic shoes" which he was offered. (*Id.* at 4-6.) Now, Defendant Peppers-Davis has moved for summary judgment. (Doc. No. 27.) Plaintiff has responded. (Doc. No. 30.)

### II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927

---

[1] Charles Conrad Shock, Jacqueline Rhodes Carswell, and Kim Hoffman were previously dismissed as Defendants to this action. (Doc. No. 7.) Only Defendant Peppers-Davis remains.

(8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Pursuant to her Motion, Defendant Peppers-Davis argues that Plaintiff has failed to allege a viable claim for deliberate indifference to serious medical needs. In response, Plaintiff contends that her treatment decisions were faulty because she lacks orthopedic expertise. For the reasons stated below, the Court agrees with Defendant Peppers-Davis.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the sort of unnecessary and wanton infliction of pain which the Eighth Amendment proscribes. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of

3

deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, there is no dispute that Defendant Peppers-Davis offered Plaintiff "diabetic shoes" which she concluded were appropriate for his medical needs. (Doc. No. 28-2 at 25-6.) Plaintiff disagreed with her assessment, and brought this suit because he believes that high-top Reebok tennis shoes would provide superior comfort and support for his ankle. (Doc. No. 5 at 4-6.) Defendant Peppers-Davis has provided the affidavit of Dr. Jeffrey Stieve, who opines that high-top shoes do not provide any more ankle support than low-top shoes. (Doc. No. 28-3 at 2.) He notes that an ankle brace, of the sort which Plaintiff was provided,[2] is significantly more effective in supporting the ankle and reducing the risk of injury than a high-top shoe. (*Id*.) Based on Dr. Stieve's affidavit, the Court concludes that Plaintiff has alleged nothing more than disagreement with Defendant Peppers-Davis' treatment decision. Such disagreements are not actionable under section 1983. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation."); *See also Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."). Moreover, Dr. Stieve's testimony indicates that Plaintiff did not suffer any injury as a result of Defendant Peppers-Davis' refusal to prescribe a high-top shoe. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (holding that deliberate indifference requires a showing that a defendant's

---

[2]In his Response, Plaintiff contends that Defendant Peppers-Davis had "nothing to do" with obtaining an ankle brace for him. (Doc. No. 30 at 3.) Whether she personally procured the brace is irrelevant. This action was not brought based on her failure to provide Plaintiff with a brace. The only pertinent question is whether the Defendant's failure to prescribe high-top tennis shoes amounted to deliberate indifference.

4

unconstitutional actions actually caused the claimant's injuries.). Finally, the Court finds that Plaintiff's argument that Defendant Peppers-Davis lacked orthopedic expertise is irrelevant insofar as he cannot plausibly claim to have been injured by her treatment decisions.

Based on the record, the Court concludes that Plaintiff has failed to state a viable claim for deliberate indifference against Defendant Peppers-Davis. His claims should, therefore, be dismissed with prejudice.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Sonya Peppers-Davis' Motion for Summary Judgment (Doc. No. 27) be GRANTED.

2. Plaintiff's claims against Defendant Peppers-Davis be DISMISSED with prejudice.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE